# Linton *v.* The State.

*Enticing Servant.*

(Decided Feb. 1, 1912. 57 South. 1020.)

*Master and Servant; Enticing Servant; Indictment.*—An affidavit which avers that defendant within twelve months before the making of the affidavit knowingly interfered with or enticed away from the employment of affiant a laborer or servant who had contracted in writing to serve E. T. C. affiant until the 29th day of July, 1911, before the expiration of the time contracted for, made May 2, 1911, is defective, for failing to show that the contract did not exceed one year, and hence, alleged no offence. (Section 6850, Code 1907.)

APPEAL from Pike County Law Court.

Heard before Hon. T. L. BORUM.

Buster Linton was convicted of enticing away a servant, and appeals. Reversed and remanded.

E. R. BRANNEN, for appellant. The affidavit was not sufficient as it failed to aver that the contract was not for a longer period than one year.—Sec. 6850, Code 1907. While an affidavit may be amended, it cannot be amended so as to introduce a new case.—*Miles v. The State,* 94 Ala. 106; *Simpson v. The State,* 111 Ala. 6.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The affidavit and warrant charged an offense under section 6850, Code 1907.—*Murrell v. The State*, 44 Ala. 367. The affidavit not being fatally defective was subject to amendment.—*McQueen v. The State*, 141 Ala. 100; *Roland v. The State*, 147 Ala. 149.

DE GRAFFENRIED, J.—Section 6850 of the Code provides that any person who knowingly interferes with, hires, employs, entices away, or induces to leave the service of another, or attempts to hire, employ, entice away, or induce to leave the service of another, any laborer or servant, renter or share cropper, who has contracted in writing to serve such other person for any given time, *not to exceed one year*, before the expiration of the time so contracted for, shall be guilty of a misdemeanor.

The affidavit in this case charges that the affiant "has probable cause for believing that, in Pike county, within *twelve* months before making this affidavit, Buster Linton knowingly interfered with, hired, engaged, enticed away, or induced or attempted to hire, employ, entice away or induce to leave the service of T. V. Folmar, Henry Cade, a laborer or servant who had stipulated or contracted, in writing, to serve T. V. Folmar, the affiant, until the *29th day of July*, 1911, before the expiration of the time contracted for." *When* the contract referred to in the affidavit was made, the affidavit, which was made May 2, 1911, fails to disclose. It may be, so far as the affidavit discloses, that the contract referred to in the affidavit was made by Henry Cade, the laborer, with T. V. Folmar, the employer, at some time prior to May, 1910, and that, by its terms, it provided for a *term of service greater than* one year. It may be,

[Hendley v. The State.]

so far as the affidavit discloses, that Cade, the laborer, was in the service of Folmar, the employer, under that contract and in obedience to its terms on May 1, 1910, and that the act of the defendant made the basis of this prosecution was done on May 3, 1910.   However this may be, the defendant specifically by his demurrer, pointed out this fatal defect in the affidavit, and the court, in overruling the demurrer, committed an error for which the judgment in this case must be reversed.

Reversed and remanded.